## N. T. Conn & Company v. Hammonds & Ogles.

(Decided June 3, 1913.)

### Appeal from Simpson Circuit Court.

Contracts—Action for Value of Work Done Under Contract for Purchasing Tobacco—Question of Fact—Evidence.—In an action to recover for services rendered under a contract for purchasing and putting up tobacco the questions were of fact; they were fairly submitted to the jury, and the finding in favor of the plaintiffs will not be disturbed.

G. T. FINN for appellants.

GEORGE C. HARRIS for appellees.

Opinion of the Court by Judge Turner—Affirming.

In the fall of 1911 appellants and appellees entered into a contract by the terms of which appellees were to buy, grade, handle and prize in hogsheads, and put into the cars for shipment for appellants a large quantity of tobacco, the shipments to be made from Petroleum, Kentucky, and Bledsoe, Tennessee, the two places being only a short distance apart. Appellants were to advance the money for the purchase of the tobacco.

Under this contract appellees bought, graded and prized during the season of 1911 and 1912 839,525 pounds. Under the original contract appellees were to receive as compensation fifty cents per one hundred pounds for the first 400,000 pounds so purchased and handled, and forty cents per one hundred pounds for all in excess thereof; but under the terms of the contract first made the tobacco was to be graded by appellees into three grades according to length only.

After appellees had purchased a large part of the tobacco, but when they had graded and prized only four or five hogsheads of it, appellants through one of its mem-

bers directed them in the future to grade the tobacco into six grades according to both length and color, whereupon appellees claiming that this would entail additional labor and expense refused to do so under the existing contract. Up to this point the evidence is uncontroverted. Then appellants offered to pay them fifty cents straight per one hundred pounds for all of the tobacco bought, and appellants claim that they accepted this proposition; but appellees' contention is that they still declined to accept that proposition, and that appellants then said to them to go on and do the work and they would pay them what it was reasonably worth.

This is a suit by appellees for the reasonable value of the work so done by them. Appellants defended setting up the alleged fifty cents contract, and in addition a claim for damages by reason of the alleged failure of appellees to properly handle and bulk the tobacco; their alleged failure to use proper material in the making of the hogsheads; their alleged negligence in receiving tobacco in too high case, and in placing funked tobacco with other tobacco so as to injure the latter.

The jury returned a verdict for appellees based upon a valuation of about fifty-two and one-half (52½) cents per one hundred pounds for the purchase and handling of the tobacco.

A careful reading of the briefs and record discloses nothing to us but two simple questions of fact, to-wit:

(1) What was the contract between the parties?

(2) Were appellees negligent in the manner of doing the work?

These questions were fairly submitted to the jury by instructions accurately drawn and clearly expressed, and we see no reason to disturb their verdict.

Judgment affirmed.